UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
HARRY WILSON,

                Plaintiff,

-against-                        06 Civ. 7777 (LAK)

CITY OF NEW YORK, et al.,

                Defendants.
------------------------------------------x

## ORDER

LEWIS A. KAPLAN, *District Judge.*

        This is another of the Riker's Island Halal food cases. *See also, e.g., Wesley v. City of New York,* No. 05 Civ. 5833 (LAK), 2012 WL 3262749 (S.D.N.Y. Aug. 10, 2012). Defendants have moved for summary judgment dismissing the complaint. In a report and recommendation filed March 15, 2013 (the "R&R"), Magistrate Judge Michael H. Dolinger recommended that the motion be granted except with respect to plaintiff's claims against defendants Horn and Riordan under the Free Exercise Clause and the RLUIPA based on defendants' alleged practice of washing Halal trays, utensils, and other kitchen equipment together with the equivalent non-Halal items and that plaintiff's potential remedies be limited to nominal damages. The R&R stated also the magistrate judge's view that certain additional claims that defendants failed to contest in their motion also remain for trial. The defendants object to the R&R to the extent that it (1) observed that claims in addition to the Halal contamination claim remain for trial, (2) failed to recommend the grant summary judgment on the basis of the cited *Wesley* decision, and (3) recommended rejection of the qualified immunity defense asserted by defendants Horn and Riordan.

        At the outset, plaintiff concedes that the only remaining claim in the case is the plaintiff's claim that his rights were violated by the alleged practice of washing Halal trays, utensils, and other kitchen equipment together with the equivalent non-Halal items. Accordingly, defendants' objections are sustained to that extent.

        The remainder of the defendants' objections are entirely without merit. Indeed, it is difficult to understand how the defendants seriously could have argued that *Wesley* is dispositive here in view of the fact that it was a decision after trial that turned heavily on the facts and quite obviously is not binding on this plaintiff.

2

Accordingly, defendants' motion for summary judgment dismissing the complaint [DI 48] is granted to the extent that (1) the case is dismissed except insofar as it alleges that plaintiff's claim that his rights were violated by the alleged practice of washing Halal trays, utensils, and other kitchen equipment together with the equivalent non-Halal items and (2) plaintiff's possible remedies with respect to that claim are limited to the recovery of nominal damages. It is denied in all other respects.

SO ORDERED.

Dated:    July 31, 2013

_____
Lewis A. Kaplan
United States District Judge